LONNIE LEE POSLOF JR
CDCR# BE-0659
31625 HWY 101 S.
SOLEDAD, CA. 93960
(PRO-SE)

Number of pages ___ 33
Received on ___ 8/28/2024
Scanned/emailed on 8/29/2024
by S. Tomlinson at ___ SVSP
for the Northern District of California.

THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF CALIFORNIA

LONNIE LEE POSLOF JR,

    **PLAINTIFF,**

VS.

SERGEANT "X" ADAMS, CORRECTIONAL
OFFICER; J. SANTANA-ZAMBRANO,
CORRECTIONAL OFFICER; E. AGUIRRE,
CORRECTIONAL OFFICER; SERGEANT
REYNOSO, CORRECTIONAL OFFICER;
X. DE LA ROSA, CORRECTIONAL
OFFICER; ESCALANTE, CORRECTIONAL
OFFICER; LIEUTENANT X. OBODOZIE,
CORRECTIONAL OFFICER; SERGEANT
X. LOPEZ-VARGAS, CORRECTIONAL
OFFICER; X. RETAMOZA-RAMERIZ,
CORRECTIONAL OFFICER; X. ESPINOZA,
CORRECTIONAL OFFICER; CARLOS
ARCE, WARDEN OF S.V.S.P; X. FONSECA,
ASS. DEPUTY WARDEN OF S.V.S.P.;
CHARLES SCHUYLER, ASS. DEPUTY
WARDEN OF S.V.S.P.; DOES 1 TO 100
      **DEFENDANT(S).**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO:: _____

COMPLAINT FOR DECLARATORY RELIEF
AND COMPENSATORY RELIEF AND
INJUCTIVE RELIEF [PURSUANT TO 42 U.S.C.
§§ 1983 AND 1988]

"DEMAND FOR JURY TRIAL"

DATE: _____
TIME: _____
DEPT: _____

## I.

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen or state prisoner of the
United States against peace officer of the Monterey County, Salinas Valley State Prison,
in Soledad, California, who unlawfully arrested, assaulted, battered, prosecuted, and
harrassed him, pursuant to the United States Constitutions and 42 U.S.C. §§ 1983 and
1988, resulting in permenant injuries, from deprivations, under color of law, of the
Plaintiff, "Lonnie Lee Poslof Jr." rights undeer the First, Fourth, Fifth, Sixth,
Eigth, and Fourteenth Amendments to the United States Constitutions and for tortious
behaviou, criminal act(s) under the State of California Laws.

🐛

1.

II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these claims pursuant to article III, section 1 of the Constitution, and, 28 U.S.C. §§ 1331, 1332, and 1343. Plaintiff also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claims, and the criminal act(s) violating the State of California's statute's and common laws. The amount in controversy exceeds $10,000.00 excluding interests and costs.

3. Venue is properly established in this judicial District pursuant to 28 U.S.C. § 1391(B).

## III.

## PARTIES

4. Lonnie Lee Poslof Jr., the Plaintiff (Heretoafter referred as "Plaintiff"), is a citizen of the United States, and a prisoner in state prison at Salinas Valley State Prison (Heretoafter as "SVSP"() and a resident of Soledad, Monterey County, California.

5. Sergeant "X",Adams; J. Santana-Zambrano, Officer; Officer E. Aguirre; Sergeant Reynoso A.; Captain J. Parks; Officer X. De La Rosa; Officer X. Escalante; Lieutenant X. Obodozie; Sergeant X. Lopez-Vargas; Officer X. Retamoza-Ramirez; Officer X. Espinoza; Carlos Arce--Warden of SVSP; Ass. Deputy Wardens-Ortega, X. Fonseca, Charles Schuyler; and DOES 1 to 100, was at times relevant to the incidents which are each the subject of this lawsuit, an officer of the California Department of Corrections and Rehabilitation (Hereto afeer referred to as "CDCR") at the Salinas Valley State Prison (SVSP). The acts all the defendant(s) Sgt. X. Adams (Heretoafter as "ADAMS"); Officer J. Sanatana-Zambrano (Hereto after as "SANTANA"); Officer E. Aguirre (Heretoafter as "AGUIRRE"); Sgt. A. Reynoso (Here to after as "REYNOSO"); Capt. J. Parks (Heretoafter as "PARKS"); Officer X. DeLaRosa (Hereto after as "DELAROSA"); Officer X. Escalante (Heretoafter as "ESCALANTE"); Lieutenant X. Obodoszie (Heretoafter as "OBODOZIE"); Sgt. X. Lopez-Vargas (Heretoafter as "LOPEZ-VARGAS"); Officer X.Retamoza-Ramirez (Heretoafter as "RETAMOZA"); Officer X. Espinoza (Heretoafter as "ESPINOZA"); Carlos Arce (Heretoafter as "ARCE") Warden of SVSP; Associate Deputy Wardens of SVSP X. Fonseca (Heretoafter as "FONSECA"); X. Ortega (Heretoafter as "ORTEGA");

Charles Schuyler (Heretoafter as "SCHUYLER"); And DOES 1 to 100 (Heretoafter as "DOES"), which are the subjects of this lawsuit were undertaken in the regular course of their employment for Defendant CDCR. Each are hereby are being sued in their official and individual capacities. Upon information and facts and belief, Each Defendant(s)(are)(Or Were) is a resident of Monterey County, California.

6. California Dept. Of Corrections and Rehabilitations (Heretoafter as "CDCR"), was at all relevant times mentioned  in this complaint are defendant(s) in paragraph 5, their official employer, is a municiple corporation charged with and responsible for appointing and discipline, supervise, including but not limited to the training, the instruction, control and conduct of Defendant(s) in Paragraph 5, the regulations of 15 CCR § 3268--"USE OF FORCE, EXCESSIVE OR UNNECESSARY RESULTING IN SBI OR GBI AS A RESULKT OF THE USE OF UNNECESSARY OR EXCESSIVE USE OF FORCE BY EMPLOYEES", also charged with progulgating all orders, rules, instructions and regulations. Who the authority to approve all weapons, use of force, to be used by the members its employed.

7. Defendant(s) CDCR and DOES, and its agents, employee's, and personnel inc;luding the defendants in paragraph "5". At all times relevant had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment and to see that all orders, rules, regulations, and laws, instructions, promulgated for the SVSP Correctional facility were consistent with the Constitutions and the laws of the State of California.

## IV.

### SUPPORTING FACTS AND INFORMATION

8. On Friday, August 9th, 2024, at approximately at ~~1130~~ 2330hrs, the plaintiff was instructed by Defendant ADAMS and DOES, to sit inside their clerk's office inside the Delta yard program office. While the plaintiff was waiting for the pyschologist DOES to come and interview him regarding his suicidal tendicies and attempts of suicide earlier that day. (Plaintiff had made the gestures and attempted by "Strangulation" and again by trying to "cut" his right inside forearm) According to CDCR's policies and regulatoins,

3.

and the medical procedures as wells the hypacratic oaths of the pyschologist, pyschiatrist, doctors, nurses, (DOES 1 to 100) were required by Defendant's ARCE, SCHUYLER, ORTEGA, FONSECA, CDCR own policies to place any prisoner into what is called "Crisis Bed."

9. Defendant(s) ARCE, SCHUYLER, ORTEGA, FONSECA, ADAMS, PARKS, OBODOZIE, LOPEZ-VARGAS, REYNOSO, and DOES 1 to 100, to place the plaintiff into a legitimate crisis bed after his previous demonstrations by strangulation then again by trying to cut his own forearm with a broken plastic he found , but due to DOES 1 to 100 failures to upon both attempts and the statements made by the plaintiff about a doxen times to defendant(s) ADAMS, AGUIRRE, SANATANA, REYNOSO, ESCALANTE, OBODOZIE, LOPEZ-VARGAS, ESPINOZA, AND DOES 1 to 100, then agin later in his grievances to Defendant(s) ARCE, ORTEGA, FONSECA, SCHUYLER, also each defendant(s) were also contacted by the plaintiff's agent power of attorney "Keith Hampton" by direct phone calls, regarding the failures to protect the plaintiff by the deliberate and intienAl, callous disregard to his serious medical needs.

10. The plaintiff has an extensive and long record of mental health diagnosis as well as the inpatient pyschiatric treatemnt for his 2018 suicide attempt, and yet DOES and Defendant(s) kept ignoring the potentially suicidal ideations and attempts as a legitimate serious medical needs by "Clearing" him for to be housed into "general Population Housing at DELTA 6 Cell #106", DOES who the pyschologist and pyschiatrist had no intent to protect the plaintiff from self-harm and kept ignoring and intentionally clearing him resulting in two seperate self-harm attempted suicides and still was cleared.

11. So, on this day of the 9th of August, 2024, whille being in waist restraints and a "Suicide Gown (A.K.A. 'SMOCK')" for already  over 12 hours straight and being moved around to numerous cages which he was also held for many hours especially this day at approx. 1030hrs where he remained for over (4) hours at a time. DOES kept ignoring the plaintiff's attempted suicides and did not act upon nor did they inform the correct person or personnel (DOES 1 to 100) to place the plaintiff in a proper crisis bed for his suicidal ideations, attempts, and sel-harm, but instead clears him approximately (4) times.

12. Leading to the incident on August 9th 2024, at approx. 2330hrs, of being forced

by defendant(s) ADAMS, SANTANA, AGUIRRE, PARKS, REYNOSO, DELAROSA, ESCALANTE, RETAMOZA, LOPEZ-VARGAS, ESPINOZA, ~~STEVE~~ AND DOES 1 to 100, to escort the plaintiff to DELTA 6 Building Cell # 106, where the plaintiff told defendant ADAMS and DOES 1 to 100 where he was approached by his enemies while he was being held in the DELTA 6 cage, (This inmate was the Plaintiff's enemy while they were on AEPHA YARD) and was threatened by this inmate (ALL ON CAMERA OF THE BUILDING AND THE PLAINTIFF's SUICIDAL ONE-ON-ONE SPOTTER OFFICER DOES 1 to 100)(BODY CAMERA), and yet Defendants ADAMS, SANTANA, AGUIRRE, REYNOSO, DELAROSA, ESCALANTE RETAMOZA, LOPEZ-VARGAS, ESPINOZA, SANTANA, AND DOES 1 to 100, decides to man-handle the plaintiff, by roughly escorting him to DELTA 6.

13. However, once the plaintiff acknowledged what was transpiring, because he was alsleep when the defendants approached him in that program office, he immediately stated, "Oh, No, I'm Not!", and then the plaintiff plants himself into prone position (Meaning place his body face downward position with the exception of being in waist restraints preventing him from place his arms and hands in outward position) on the floor. The Defendant's ADAMS, SANTANA, AGUIRRE, REYNOSO, DELAROSA, ESCALANTE, RETAMOZA, LOPEZ-VARGAS, ESPINOZA, AND DOES 1 to 100, then for some unknown reasons decédes to tackle the plaintiff in the hallway of the DELTA 6 program office, and where they roughed him up where the plaintiff felt the punches or kicks on his torso area and kidney areas.

14. The defendant(s) ADFAMS, SANTANA, AGUIRRE, REYNOSO, DELAROSA, ESCALANTE, RETAMOZA, LOPEZ-VARGAS, ESPINOSA, DOES 1 to 100, then proceeded to in a "HOG-STYLE" carrying the plaintiff, where he assumes was to either a awaiting transporting van or directly to DELTA 6 building Cell 106, again, the plaintiff fearing for his safety and all while being in waist ~~belt~~ restraints, and naked other than a smock gown, decides to wiggle his body to shake their grips on his body. The whole time being hog-style carried about approximately 3-4 feet above grtound face downward position, and during this struggle the plaintiff's hand (left) somehow had unintentionally snagged on Defendant ~~ESPINOZA~~ SANTANA's chain hanging from his utilqity belt, and apparently was yelling at the plaintiff to let go of my belt!, the plaintiff then see's nothing but extreme pain and

a "white flash" before his eyes, then observed the instant coldness and the huge trailing blood by his face going away from his head.

15. The plaintiff was then taken to the CTC where it was determined that he had a lasceration, and open active bleeding wound above his right eye. The defendant(s) ADMAS, SANTANA, AGUIRRE, REYNOSO, DELAROSA, ESCALANTE, RETAMOZA, LOPEZ-VARGAS, ESPINOSA, AND DOES 1 TO 100, had apparently resorted to unnecessary and excessive use of force on the plaintiff causing a serious gash, lasceration, on his face, (A.K.A. FACIAL LACERATION) when they forced his face into the concrete while he was about 3-4 feet above the ground face downward position and being hog-styled carrying, and when the plaintiff was already in waist restraints and suidide smock gown otherwise naked. Caused injury resulting in SBI or GBI stemming from their unnecessary and excessive use of force, the plaintiff was required to be treated by the ER Hospital in Salinas City, where he received approximately 3-4 stitches in his facial laceration (Plaintiff hasa the hospitials intake patient bracelet #M00087562/V725087241--EXHIBT "B")(TREATMENT WAS ACTUALLY ON 08/10/2024)

16. Defendant(s) REYNOSO AND DOES 1 TO 100, prepared their medical report on 08/09/2024, at approx. 2344hrs (See, EXHIBIT "C" "CDCR FORM 7219) which labeled the incident as "USE OF FORCE" and when the plaintiff described to the nurse (DOES 1 TO 100) that he had just been assaulted and battered by defendant(s) ADAMS, SANTANA, AGUIRRE, REYNOSO, PARKS, DELAROSA, ESCALANTE, OBODOZIE, LOPEZ-VARGAS, RETAMOZA, ESPINOZA, ARCE, FONSECA, ORTEGA, SCHUYLER, AND DOES 1 TO 100, "They just slammed me on the concrete!" (SEE EXHIBUIT "C",

17. Once the plaintiff was treated by the ER Hospital and returned he was then placed again into temporary housing as SVSP's "Crisis Bed" in DELTA @2 Cell 109, where he had previously torn his matteress that was already exposing white cloth that he utilized for the straggulation that morning. The materess was replaced with a new one, but that morning on the 10th of August 2024 at approx. 1030-1130hrs apparently the pyschologist (DOES) had already again cleared him as "SUICIDAL". However, this cell was his now punishment, due to the cell being in unsantary conditions such as feces (Human) by previous occupant, speaded all over the cell and toilet was not also operational and the cell had been flooded by the

previous occupant, which the plaintiff immediately notified the defendant(s) ARCE, FONSECA, ORTEGA, SCHUYLER, AND DOES 1 TO 100, of these unsanitary living conditions all which he later filed his grievances (Log # 608500 and the OIG exhausted that grievance see, attached EXHIBIT "A" PART # 2 and PART #1) (There are many other grievances filed for the living conditions, and the retaliation, intimidation by defendant(s) ADAMS, SANTANA, AGUIRRE, REYNOSO, PARKS, DELAROSA, ESCALANTE, OBODOZIE, RETAMOZA, ESPINOZA, ARCE, ORTEGA, FONSECA, SCHUYLER AND DOES 1 TO 100) Which due to being all related to original incidents of SBI or GBI※※On the plaintiff causing permenant injuries. (See, or refer to Grievances Filed By Plaintiff Log #609114, #610861, #598411, # 594735, 610379, 612468, 613176, Total of grievances relating the incidents to these 16 seperate claims for systematic retaliation, intimidation conduct, and additional due process violations for the wrongful placement to DELTA 6 Cell 106, by the ICC memebers including but not limited to the defendant(s) ADAMS, SANTANA, AGUIRRE, CDCR, REYNOSO, PARKS, DELAROSA, RETAMOZA, ESPINOZA, OBODOZIE, LOPEZ _VARGAS, ESCALANTE, ARCE, ORTEGA, SCHUYLER, FONSECA, AND DOES 1 to 100).

18. The plaintiff suffered from the injuries caused by the defendants and during the time between August 9th 2024 to August 19th 2024, the plaintiff was denied showers, basic human necessities such soap, shampoo, toothpaste, toothbrush, etc, at times he would be deprived of food and due to the fact the plaintiff was on an active hunger strike between July 19th 2024 to August 3rd or 4th 2024 (16 days of Hunger Strike for the purposes of the denials of all communications on his GTL Tablet while being housed in AD-SEG/RHU, all which failed to succeed to remedies to the plaintiff, so he ended it.) And to be denied any meals and his LNS (LIQUID NUTRITIONAL SUPPLEMENTAL DRINK)(BOOST) due to being in his property and since the plaintiff was being held improperly in "SAFETY CELLS" (DELTA @ 2 Cell 109 and also in DELTA 3 in cell 210 then back to DELTA 2 cell 115) utilized by the defendant(s) ARCE, FONSECA, ORTEGA, SCHUYLER, ADMA ADAMS, SANTANA, AGUIRRE, CDCR, REYNOSO, PARKS, DELAROSA, RETAMOZA, ESPINOZA, OBODOZIE, LOPEZ-VARGAS, ESCALANTE, AND DOES 1 TO 100 inlcuding the pyschiatric staff and medical doctors, nurses, LVN's, RN's, as means as "PUNISHMENT". Either indirectly or directly to inflict pain and suffering and physical and emotional distress, all

were knowingly by the plaintiff's notices by throught the medical service requests and through the appeals medical and custody's grievances process and even when the DOES 1 TO 100 would come by Including Defendant Stewart, the mental health social worker or clinician who had personally told the plaintiff that the unit DELTA 3 just had an incident where the tower control officer had mistakenly opened the wrong cell door and the inmate inside had gotten kiled by another inmate. So, of course naturally the plaintiff tries to contact the PREA HOTLINE listed on the units wall above each telephone, and left numerous voicemails to get the attention of the Office of Internal Affairs (CDCR's) and The Office of Inspector General (See attached EXHIBIT "A" "PART# 2")  Regarding the harassment and the intimidation, retaliation by the defendant(S) ARCE, FONSECA, ORTEGA, SCHUYLER, ADAMS, SANTANA, CDCR, REYNOSO, PARKS, DELAROSA, RETAMOZA, ESPINOZA, OBODOZIE, LOPEZ-VARGAS, AGUIRRE, ESCALANTE, AND DOES 1 TO 100.

19. When they eachwere either involved by indirect or direct involvment to the plaintiff's treatment of harassment, intimidation, retaliation, all stemming from the incident on August 9th 2024. When [he] was assaulted and battered by the defedndants resulting in the injuries leading to the need to being transported to outside emergency hospital in Salinas. Then they use or should we say misuse the safety cells as punishment because they would not provide the plaintiff with wound changes, dressing changes, or means to adequately keep the wound clean; by the denials of soap, or medical care, during the what they call "Temporary AD-SEG OVER FLOW HOUSING" The use of food as punishment, then resorting to losing the majority of plaintiff's personal property including his familiy photo album that contained private confidential contact information of public officials, family memebers, and even the Police Chief in Mendota City, including the irreplaceable photos of his deceased family members that he can no longer get due to them passing away over the last eleven years of his incarceratioon.  There is absolutely no penalogical interests or justifications for the loss of his property when it was all in their custody (ALL 5 BOXES OF PROPERTY) Due to the events described above and since he was in so-called over flow for ad-seg, he was not allowed to have possesstion of the property, and once he went back to ZO AD-SEG housing, he

20. Only.....had one box remaining after leaving Z9 on August 9th 2024 from Z9, it was documented he had (5) boxes including the typewriter.(The one being used by the plaintiff today after he repaired the typewriter had been damaged in transport or by deliberate and intentional destruction of the typewriter as punishment for the incident on August 9th 2024 by all defendant's); the plaintiff receives a RVR (# 7481330--violation of 15 CCR § 3005(d)(1)"Battery on a Peace Officer") (SEE ATTACHED EXHIBIT "E") on August 24th 2024, by Officer MAYES, who is also assigned as the plaintiff's 'investigative employee', this RVR describes in the defendabnt(S) SANTANA, ADAMS, AGUIRRE, LOPEZ-VARGAS, ESCALANTE, ESPINOZA, REYNOSO, RETAMOZA, OBODOZIE, ARCE, CDCR, FONSECA, ORTEGA, SCHUYLER, DOES 1 TO 100, described the incident as "Being an "ATTACKER" and to regain compliance and subdue an 'attacker', this is a definite mislabeled and/or deliberate and intentional falsification of reports to ilicit an additional punishment against the plaintiff. The plaintiff does not have a histopry of attacking an officer at SVSP.

21. [N]ow, the plaintiff is again being punished without due process of law and denied equal protections o f the law by the defendant(s) including but not limited to "CDCR" for their direct involvment in the ICC hearing while conducted in an unconfidential setting of the DELTA @ 2 or 3 building inside the opened unit officer's office. WHere other inmates and staff were able to listen on the proceedings and during theses proceedings the plaintiff notified the Defendant(s) ORTEGA AND DOES 1 TO 100 regarding the staff had committed Unnecessary or Excessive use force and the (48) hour video interview pursuant to 15 CCR §§3268--3268(d)(1)-(2) was not performed and was not done so until (10) days after the incident on August 19th 2024, the ICC hearing was on the 15th of August 2024. So, there is no reason for DEFENDANT(S) ORTEGA, FONSECA, SCHUYLER, ARCE, ADAMS, SANTANA, LOPEZ-VARGAS, CDCR, AGUIRRE, ESCALANTE, ESPINOZA, RETAMOZA, DELAROZA, PARKS, REYNOSO, OBODOZIE, DOES 1 TO 100, to have not performed their duties and followed their own regulations and dept. policies, to initiate an investigation regarding their misconduct. It was not until the Office of Inspector General had forced them to comply with 15 CCR§ 3268(d)(1)-(2) (SEE, EXHIBIT "A", PART #2)

## V.

### FEDERAL CAUSES OF ACTIONS

22. The allegations set forth in paragraphs 1 through 21 are hereby incorporated herein by reference.

23. The hereinabove described action(s) and omissions, engaged in under color of state law, authroity by the defendants, including the defendant "CDCR" and DOES 1 TO 100, sued as a person, responsible because of its authrorizaiton, condonation, and ratification therof fo rthe act(s) of its agents, deprived the plaintiff of rights, privileges, secured to him by the CONSTITUTIONS of the United States, including, but not limiting to , his First Amendment, 'Right to Freedom of Expression' his Fourth Amendment, 'Right to be free from unlawful seizure of his person' His Fifth Amendment, 'and Fourteenth Amendment, 'right to due process and equal protection of law, including the right to be free from unjustified and unnecessary or excessive force utillized by each defendant' and his Eigth Amenement, 'the right to be free from "Cruel and Unusual Punishment"...

## VI.

### PENDENT CAUSES OF ACTION(S)

24. The allegations set forth in paragraphs 1 through 23 are reperated and realleged, and hereby incorporated herein.

25. Heretofore, and on or about August 12th 2024, the plaintiff caused a written verified notice of Claims to be filed with and served upon the pooper officer, agents, all defendant'sa including CDCR and its employee's thereof of the County of Monterey, pursuant to the statutes (Cal. Penal Code(s) §§240, 241,242, 243) See, **People v. Brown**,(Cal.App. 1st Dist. 2016); **Uganda Knapps v. City of Oakland**,(N.D.Cal. 2009) 647 F.Supp.2d 1129; also see, **"ALL ATTACHED EXHIBITS"**, in such cases made and provided. A copy of the Notice is annexed hereto as "EXHIBIT "A" BOTH PARTS and made a part hereof.

26. The acts and conduct hereinfore alleged consitutés false arrest and imprisonment, assault, battery, malicious prosecution, abuse of process, prima facie tort, negligence, and

gross negligence, medical malpractice, denial medical care to a serious medical needs, deliberate indifference to the plaintiff's health, safety, serious medical needs, failure--to-protect the plaintiff from either self-harm or by assault and battery by the staff or another prisoner, under the laws of the State Of California. This Court has prendent jurisdiction to hear and to adjudicate these claims.

WHEREFORE, Plaintiff, Lonnie Lee Poslof Jr., demands the following relief jointly and severally, against all the defendant(s):

     A. Compensatory damages in the amount of $500, 000.00;

     B. Punitive Damages in the amount of $500,000.00;

     C. Award attorney fee's pursuant to 42 U.S.C. § 1988;

     D. Award the cost and expenses relative to and for this action;

     E. Injunctive Relief as follows:

     1. To seize and desist from any physical, emotional, retaliation, intimidation, abuse to the plaintiff now and in the future, especially upon notice of the filing of this action will cause the defendant's to retaliate and each are responsible for the causation of the injuries sustained by their conduct and excessive or unnecessary use of force;

     2. To reinstate all plaintiff's privileges including but not limited to his GTL/VIAPATH Tablet communication applications and paid applications provided by the GTL/ VIAPATH Corporations;

     3. To order the defendant CDCR to place the plaintiff in protective custody that prevents any further misconduct by its employee's, agents, staff, officer's, sergeants, lieuteneants, etc. from causing the plant plaintiff to suffer from being assaulted and battered the defendants and/or their fellow officer to participate in such unlawful conduct;

     4. During the time that Plaintiff must reside in the SVSP's RHU for his own protection and for the defendant's RVR that is solely based upon false information and reports to discipline the plaintiff while he is in their custody needs to stop immediately and for each defendant involved as described hereinabove are also required to be on unpaid leave pending the

OUTCOME OF THESE PROCEEDINGS.

      F. Any other relief the Court finds just and proper; including any additional "emergency protective orders" and temporary restraining orders pursuant to Federal Rules of Civil Procedure, Rule 65 (a) or (b); Due to the fact that the plaintiff has issued all parties to this action and the other complaint recently filed in this Court's jurisdiction, a formal Notice, to all listed defendant(s) including GTL/VIAPATH and CDCR, requesting for the immediate reinstatement of his GTL State Tablet's privileges to be fully accessible and all paid services to be functional including the LEXISNEXIS Application, Phone and Messaging Application hrewith;

      I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE AFOREMENTIONED IS TRUE AND CORRECT, THAT I HAVE PERSONALLY READ AND UNDERSTOOD EACH AND EVERY FACT, INFORMATION, AND DESCRIPTIONS WITHIN THIS COMPLAINT ARE TO MY APPROVAL AND EXPECTATION AS TRUTHFUL AND ACCURATE TO THE BEST OF MY KNOWLEDGE.

      EXECUTED ON THIS _25th_ DAY OF AUGUST, 2024, IN SOLEDAD, MONTEREY COUNTY, CALIFORNIA.

DATED SIGNED: _8/25/2024_

Respectfully Submitted,

LONNIE LEE POSLOF JR.--PLAINTIFF/DECLARANT

//
/////
////////END

12.

## TABLE OF EXHIBITS

**EXHIBIT "A":**

    **PART ONE:** "PLRA EXHAUSTION REQUIREMENT BEEN FULLY MET BY THE DEPT.'S GRIEVANCE PROCESS LOG #608500."

    **PART TWO:** "LETTER FROM THE OFFICE INSPECTOR GENERAL STATING THAT GRIEVANCE LOG #608500, HAS BEEN ACCEPTED FOR STAFF MISCONDUCT ALLEGATIONS, AND THAT THIS HAS EXHAUSTED PLAINTIFF'S ADMINSTRATIVE REMEDIES FOR THIS CLAIM."

**EXHIBIT "B":**

"THE ACTUAL INTAKE EMERGENCY HOSPITAL'S BRACELET ISSUE TO THE PLAINTIFF ON AUGUST 10TH 2024, FOR THE INJURIES OF FACIAL LASCERATION AND RECEIVED STITCHES TO CLOSE THE WOUND ON HIS UPPER RIGHT EYEBROW."

**EXHIBIT "C":**

"AUGUST 9TH 2024, CDCR FORM 7219--MEDICAL REPORT OF INJURY OR UNUSUAL OCCURANCE, SHOWING THAT THE PLAINTIFF HAD IN FACT SUSTAINED AN INJURY CAUSED BY THE DEFENDANT'S 'EXCESSIVE' OR/AND 'UNNECESSARY' USE OF FORCE PRIOR TO BEING TRANSPORTED TO THE SALINAS ER HOSPITAL."

**EXHIBIT "D":**

"CDCR FORM 128-MH5--MENTAL HEALTH REFERRAL SHOWING THE STAFF FAILING TO PROPERLY REFERR THE PLAINTIFF TO THE CORRECT MENTAL HEALTH PERSONNEL FOR ACTUAL SUICIDAL CONDUCT BUT LABELS AS HOSTILE...."

**EXHIBIT "E":**

"THE ACTUAL RULE VIOLATION REPORT FALSIFIED BY THE DEFENDANT'S TO INITIATE POSSIBLE D.A. REFERRAL FOR WRONG OR INCORRECT ACTS BY THE PLAINTIFF, AND STATES PLAINTIFF COMMITTED 'BATTERY ON PEACE OFFICER' WHEN THE REPORTING STAFF FALSIFIED AND MADE THEIR REPORTS REFLECT CONDUCT THAT WAS NOT ACCURATE AND PLAINTIFF IS BEING POSSIBLY PUNISHED BY THE DEFENDANTS AND WILL CAUSE FUTURE COMPLICATIONS AT HIS BPH HEARING AND OTHER ISSUES SUCH AS DENIAL OF PRIVILEGES."



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** POSLOF, LONNIE LEE
**CDC#:** BE0659
**Current Location:** SVSP-RHU-CCCMS

**Date:** 08/20/2024

**Current Area/Bed:** Z 009 1 - 129001L

**Log #:** 000000608500

## Claim #: 001

**Received at Institution/Parole Region:** Salinas Valley State Prison
**Submitted to Facility/Parole District:** Salinas Valley State Prison
**Housing Area/Parole Unit:**

**Group:** Allegation of Staff Misconduct    **Category:** Use of Force    **Sub-Category:** Excessive or Unnecessary Force

The California Department of Corrections and Rehabilitation received your grievance on 08/13/2024 which you submitted on 08/12/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

EXHIBIT "A" PART #1



STATE of CALIFORNIA

**OIG** | **OFFICE of the INSPECTOR GENERAL**

*Amarik K. Singh, Inspector General*
*Neil Robertson, Chief Deputy Inspector General*

Independent Prison Oversight

*Regional Offices*
*Sacramento*
*Bakersfield*
*Rancho Cucamonga*

August 21, 2024

Lonnie Poslof, BE0659
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dear Lonnie Poslof,

The Office of the Inspector General received your correspondence. Based on department records, grievance log number 608500 has led to a staff misconduct review that is outside of the grievance process, and you should be notified once the review has been completed. This exhausts your administrative remedies for this claim. Once you have learned the outcome of any staff misconduct claims, if you believe that CDCR failed to appropriately address your concerns, you may choose to resubmit your complaint to this office. Please provide the reason you are dissatisfied with the inquiry or investigation, and include log numbers and dates, rather than physical copies, of any related grievances, appeals, rules violation reports, or incident reports. For any other documents, do not send us originals because we will not be able to return them.

For your medical concerns, please continue to submit a CDCR Form 7362 (Health Care Services Request Form) if you have a medical request. If you do not obtain health care assistance with this process, we encourage you to use the health care grievance process and exhaust your administrative remedies. To file a health care grievance, submit a Health Care Grievance form (CDCR Form 602 HC) to your local Health Care Grievance Office. Your administrative remedies are exhausted once you receive a headquarters level response.

For your other concerns, as stated previously, we encourage you to continue using the grievance process and exhaust your administrative remedies with the California Department of Corrections and Rehabilitation (CDCR). In the future, please include relevant log numbers and dates, rather than physical copies, of any grievances, appeals, rules violation reports, or incident reports. For any other documents, do not send us originals because we will not be able to return them.

The OIG is not an investigative agency and does not pursue legal action on behalf of incarcerated persons or citizens. The OIG is an independent State of California government agency established by law. Our primary responsibility is the independent oversight of California's adult correctional agencies, including the California Department of Corrections and Rehabilitation (CDCR), the Board of Parole Hearings, and the Prison Industry Authority. As part of our

*Gavin Newsom, Governor*





10111 Old Placerville Road, Suite 110
Sacramento, California 95827
Telephone: (916) 288-4212
www.oig.ca.gov



STATE of CALIFORNIA

**OFFICE** *of the*
**INSPECTOR GENERAL**

Amarik K. Singh, Inspector General
Neil Robertson, Chief Deputy Inspector General

Independent Prison Oversight

Regional Offices

Sacramento
Bakersfield
Rancho Cucamonga

statutory mandates, the OIG oversees the internal affairs investigations and employee disciplinary process of the CDCR, monitors CDCR's process of reviewing use-of-force and staff misconduct, and conducts audits and reviews of CDCR's policies, practices, and procedures.

Thank you for bringing your concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General

24-0089065-PI



EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT " B "

EX: The Emergency Room Intake
Bracelet for the Treatment for
Staff Assault S&I Stitches
in Face upper Right Eyebrow.
"Navidtat"

```
P  |||||||||||  POSLOF, LONNIE
              M0008725C? / V725087241
M  |||||||||||  DOB:06/07/1980  44 /M
              LANG:                    E  ||||||||||
```

EXHIBIT " B "

EXHIBIT "C"

EXHIBIT "C"

EXHIBIT "C"

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 02/24)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION SVSP | LOCATION OF EVALUATION TTA | DATE 8/9/2024 |
|---|---|---|

REASON FOR REPORT ☐ ALLEGATION ☐ ON THE JOB INJURY ☑ USE OF FORCE ☐ INJURY ☐ OTM
☐ UNUSUAL OCCURRENCE ☐ PRE RHU ADMISSION ☐ R&R ☐ OTHER RETURNS

| NAME LAST Poslof | FIRST LONNIE LEE | CDCR NUMBER BE0659 | PERNR / INST. ID # N/A | VISITOR ID # (SOMS) N/A |
|---|---|---|---|---|

| PLACE OF OCCURRENCE DELTA PATIO | DATE OF OCCURRENCE 8/9/24 | TIME OF OCCURRENCE 2340 | TIME SEEN 2344 | RN NOTIFIED TIME 2340 | PHYSICIAN NOTIFIED TIME 1201 HR |
|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE
" They slammed me on concrete "

| INJURIES FOUND? YES / NO | | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| Swollen Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Pre-Existing | 16 | |
| Other | 17 | |
| Other | 18 | |
| Chemical Agent Exposure? | YES / NO | |
| Chemical Agent Exposure Area | EX | |
| Decontaminated w/ Water? YES / NO / REFUSED | | |
| Decontaminated w/ Air? YES / NO / REFUSED | | |
| Self-decontamination instructions given ? YES / NO | | |
| Staff issued exposure packet ? YES / NO | | |

Q 15 min. check times

| Initial N/A | 1st Check N/A |
|---|---|
| 2nd Check N/A | Final N/A |

TIME/DISPOSITION
NMC — 0136 HR

REPORT COMPLETED BY/TITLE (PRINT AND SIGN) Gituku RN [signature]

| | PERNR / INST. ID # | RDOs MON/TUE | ASSIGNMENT AREA N/A |
|---|---|---|---|

DISTRIBUTION    Original: ERMS

EXHIBIT "C"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

## AFFIDAVIT/DECLARATION OF:

" ERIK LATON STEWART SR #V59299 "

I DECLARE AS FOLLOWS:

I, Erick LATON Stewart SR, CDCR# V-59299, used to be housed in cell #116 of DELTA @ 2, in Salinas Valley State Prison, Soledad, California. I hereby attest and declare under oath, and testify to the current state of condition of Cell #115 of DELTA 2 at SVSP, being used as either storage or for temporary usage as a suicidal crisis bed housing. I have personally witnessed the staff placing inmate's in this cell (#115s*DELTA 2) as for a purpose of punishment or to place inmates' there to have their suicidal one-on-one until their transfer to a legitimate crisis bed.

I DECLARE THAT I AM NOT A PARTY TO THIS ACTION AND I AM OVER THE AGE OF (18) YEARS, AND DECLARE I HAVE READ AND CONFIRM THE AFOREMENTIONED FACTS AND STATEMENTS AS TRUE AND CORRECT TO THE BEST OF MY RECOLLECTION.

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 8-23-2024 DAY OF AUGUST, 2024, IN THE COUNTY OF MONTEREY, CALIFORNIA.

RESPECTFULLY SUBMITTED,

Erick Laton Stewart SR

E LS, SR

V-59299  8-23-2024

--DECLARANT

I Erick LATON Stewart. SR WAS Housed in D-2-116 what'z Known As A wet cell Because It have NO Electrical outlets 115 116 215 216 Are wet cell'z iN D-2 AT S.V.S.P For over 90 day'z I was Housed in D-2-116

STATE OF CALIFORNIA
MENTAL HEALTH REFERRAL CHRONO
CDCR 128-MH5 (Rev. 08/10)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Form: Page 1 of 1
Instructions: Page 2

Patient's Name: POSLOF

Section I: Identifying Information and Referral Timelines

CDCR Number: BE-0659          Institution: SVSP          Housing: D2 109L

☐ Routine (within 5 working days)

☐ TPREA Routine (within 14 calendar days)
    ○ Initial Intake Screening
    ○ New Allegation/Post 72 hours

☒ Urgent (within 24 hours)

☐ Emergency (contact Mental Health Services immediately)

☐ PREA Perpetrator Routine (within 60 calendar days): New Allegation
    ○ Investigation On-going
    ○ Investigation Completed

☐ Non English speaking, language _____

☐ PREA Emergency (within 4 hours of return from or referral of a SART/SANE examination)

**REASON FOR REFERRAL:** (check the primary reason(s) and give an example or describe below under "Other.")

☐ History of psychiatric care needs re-assessment
☐ Expresses suicidal ideation or recent attempts (Emergency)
☐ Incapable of caring for self/poor grooming
☐ Confused/disoriented/withdrawn
☒ Hostile/assaultive/poor self-control
☐ Taken advantage of by other inmates
☐ Poor attention span/difficulty following directions
☐ Need psychotropic medication review
☐ Exhibits bizarre behavior (Describe below)
☐ Other/Additional (Describe): BATTERED A PO GRABBING HIS BELT DURING A RESISTIVE ESCORT

○ Poor appetite/sad/fearful/nervous
○ Unpredictable/bothers others
○ Hears things/sees things/imagines things
○ Insomnia/sleeps too much
☐ DDP Consult/re-evaluation
☐ PREA Consult/evaluation
○ PREA victimization/concerns
○ PREA perpetrator of sexual abuse

[handwritten annotations: "Those Would be" "Should be" "TYPES" "Those Would Not" "be Selected And Lead to Continuous Actions."]

Section II: Reason for Referral

Section III: Referring Party

Referred by: R. REYNOSO
              Print Name

Title: SERGEANT          Phone/Ext: 6797          Date: 8/9/2024          Time: 2340

* Once complete, submit to Mental Health Services.

Section IV: Mental Health Use Only

Received in Mental Health Services by: _____          Date: _____          Time: _____
                                        Print Name

Assigned to: _____          Date: _____          Time: _____
              Print Name

For triaging clinician(s) only (usually a supervisor): This was a referral for _____

[handwritten: NO ONE MADE AN EVALUTION]

Undersigned retention periods: use, disclosure, modification or retention [illegible] information under applicable federal or state law.

DISTRIBUTION: Scan into CURES, copy in C-file, copy to patient.
SCANNING LOCATION: Scan into EHRS, copy in C-file.
EHRS LOCATION: Scan into CDCR MH5... Mental Health Referrals > Grouper: MH Documentation > Sub Grouper: MH5 > Document Type: MH5

EXHIBIT "D"

EXHIBIT "E"

EXHIBIT "E"

EXHIBIT "E"

CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER<br>BE0659 | INMATE'S NAME<br>POSLOF, LONNIE L. | MEPD<br>11/21/2036 | FACILITY<br>SVSP-Facility D | HOUSING LOCATION<br>SVSP-D - D 002 1 -<br>109001L |
|---|---|---|---|---|
| VIOLATION DATE<br>08/09/2024 | VIOLATION TIME<br>23:40:00 | VIOLATION LOCATION<br>SVSP-Facility D - PROGRAM OFFICES | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On August 09, 2024, at approximately 2340 hours, while performing my duties as D Sec Pat #4. Officer A. Espinoza and I arrived at Facility D program office and began escorting Inmate Poslof (BE0659, D2-109L) Later identified using the Strategic Offender Management System (SOMS) out of the program office to his assigned housing in Facility D. As we proceeded to escort Inmate Poslof out of the program office Inmate Poslof impeded our escort, planting his front feet to the ground and shook his body in a front to back motion. While giving multiple verbal orders to stop resisting with negative results. Poslof continued resisting by impeding the escort. To gain compliance with a lawful order, overcome resistance, effect and arrest custody, and subdue an attacker I used physical force placing my hands on POSLOF upper left arm and upper back area pushing Inmate Poslof to the ground using my bodyweight. Inmate Poslof landed on the ground in the D-program hallway on his front torso area.


Sergeant R. Reynoso gave verbal orders for Officer A. Espinoza and I to continue the escort to his assigned housing unit. I placed my right hand on his left bicep and Officer A. Espinoza grabbed his right arm and we lifted him off the ground and began to carry him out of the program office. Inmate Poslof reached for my right side of my duty belt with his hands and had control of it. I gave multiple verbal orders for Inmate Poslof to let go of my duty belt with negative results. Fearing for the safety of my staff and myself I utilized my body weight and applied downward pressure to take Inmate Poslof to the ground and break his contact with my duty belt, Once on the ground Inmate Poslof let go of my duty belt and all force stopped.

BWC (141456)
D Sec Pat 4
B8A44F233F7E
PERNR #135702

| REPORTING EMPLOYEE<br>J. Santana Zambrano | TITLE<br>Officer | ASSIGNMENT<br>D Sec Pat #4 | RDO<br>M/T | DATE:<br>08/13/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007481330  VIOLATED RULE NUMBER:  3005(d)(1)

EXHIBIT "F"

SPECIFIC ACT:  Battery on a Peace Officer

| CLASSIFICATION | |
| --- | --- |
| LEVEL:  Serious | OFFENSE DIVISION:  Division B |
| REFERRED TO:  Senior Hearing Officer | FELONY PROSECUTION LIKELY:  No |
| Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No | |

| REVIEWING SUPERVISOR R. Reynoso | TITLE Sergeant | DATE 08/13/2024 |
| --- | --- | --- |

| CLASSIFIED BY J. Parks | TITLE captain | DATE 08/13/2024 |
| --- | --- | --- |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

Page 2 of Exhibit "E"

# CIVIL COMPLAINT