UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONNIE LEE POSLOF,
Plaintiff,

v.

CARLOS ARCE, et al.,
Defendants.

Case No. 24-cv-06146-PCP

**ORDER OF DISMISSAL IN PART AND SERVICE IN PART; ORDER GRANTING MOTIONS FOR A SCREENING ORDER**

Re: Dkt. Nos. 46, 48

Lonnie Poslof, an inmate at the Salinas Valley State Prison ("SVSP") in Soledad, California, has a pending *pro se* civil rights action filed under 42 U.S.C. § 1983. Mr. Poslof's motions for a screening order are granted, in that this order screens the Third Amended Complaint.

For the reasons stated below, the Court orders defendants Santana-Zambrano, de la Rosa, Escalante, and Obodozie to respond to Mr. Poslof's Eighth Amendment claim for use of excessive force, and to the attendant state-law claims identified below. All other claims and defendants are DISMISSED without leave to amend.

## I. Procedural Background

In August 2024, Mr. Poslof filed five civil rights actions in this District.[1] The first lawsuit was dismissed on abstention grounds and for failure to prosecute, and Mr. Poslof voluntarily dismissed the second and third actions.

Mr. Poslof moved to amend the Complaint in the 6004 Action and filed a First Amended Complaint in the 6146 Action. The Court reviewed the pleadings pursuant to 28 U.S.C. § 1915A,

[1] *See Poslof v. Arce*, Case No. 24-cv-5444-PCP (N.D. Cal., injunctive relief motion filed Aug. 15, 2024); *Poslof v. Arce*, Case No. 24-cv-5446-PCP (N.D. Cal., mandamus petition filed Aug. 12, 2024); *Poslof v. Warden*, Case No. 24-5447-PCP (N.D. Cal., mandamus petition filed Aug. 14, 2024); 6004 Action; 6146 Action.

United States District Court
Northern District of California

and in one order dismissed every claim. Dkt. No. 28.[2] The Court granted leave to amend as to some claims and provided detailed instructions on how to amend. *See id*.

Mr. Poslof subsequently filed a Second Amended Complaint in the 6146 Action, and a First Amended Complaint and then a Second Amended Complaint in the 6004 Action. The Second Amended Complaint was identical in both actions. *Compare* Dkt. No. 32 *with* Dkt. No. 47 in the 6004 Action. The Court screened the Second Amended Complaint in a single order, concluded that the 6004 Action should be dismissed without leave to amend, and gave Mr. Poslof one final chance to amend in the 6146 Action. Dkt. No. 38. Specifically, the Court told Mr. Poslof he could amend *only* his claim that defendants' excessive force violated the Eighth Amendment to the United States Constitution, and his state-law claims predicated on that Eighth Amendment claim. *See id*. at 1, 12. The Court explained that Mr. Poslof had not provided facts sufficient to state a cognizable excessive force claim, and gave detailed instructions on what Mr. Poslof must plead in order to state such a claim. *See id*. at 6–8. The Court cautioned Mr. Poslof that this was his "one final opportunity to provide plausible facts implicating all named defendants." *Id*. at 8.

The Court also explained, for the second time, why Mr. Poslof could not sue supervisory defendants merely because of their positions, why his medical needs claim failed on the facts provided, and why his disciplinary records and court access claims failed as a matter of law. *See id*. at 4–6, 8–12. These claims were dismissed without leave to amend and with prejudice. *See id*.

The Court appears to have received Mr. Poslof's Third Amended Complaint in November 2025, but due to administrative error it was not entered on the docket until April 17, 2026. *See* Dkt. No. 43. On May 11, 2026, the Court received another Third Amended Complaint from Mr. Poslof. *See* Dkt. No. 45. The Court screens the most recently received Third Amended Complaint herein.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

[2] Unless otherwise noted, citations refer to documents filed in the 6146 Action.

identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Even though a pro se litigant is entitled to a liberal interpretation of his complaint, that complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (affirming dismissal of a pro se prisoner complaint which did not meet the plausibility standard) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

## III. Analysis

Despite the limited opportunity to amend, Mr. Poslof states in his Third Amended Complaint that he wishes to sue for excessive force, denial of medical care, retaliation and intimidation, assault and battery, negligence, false reports, property damage and theft, violation of California's Bane Act, and intentional infliction of emotional distress. *See* TAC at 1, 9–14.

Mr. Poslof's claims for denial of medical care and false reports are dismissed for the same reasons outlined in the order screening the Second Amended Complaint. *See* Dkt. No. 38 at 5–6, 8–9.

Mr. Poslof's property claim is dismissed because the face of the Third Amended Complaint reveals that his property was stolen by other inmates, and not by defendants. *See* TAC at 14. Although Mr. Poslof represents that his typewriter was damaged, he also says that "the typewriter was replaced thereafter." *Id*. Because any harm was remediated or was caused by a fellow inmate rather than a government actor, Mr. Poslof has no cognizable property claims.

Mr. Poslof's claim for retaliation fails because he does not provide any facts suggesting that any defendant took retaliatory actions. *See generally* TAC. For example, although Mr. Poslof alleges that "defendants" wanted to retaliate against him "for the complaints filed with the Offices

of the Inspector General and Internal Affairs," *id*. at 9, he does not provide any information about those complaints, explain whether they pre-dated any of the events alleged in the TAC, or explain how any defendant would have known of the complaints, *see generally id*.

**A. Excessive Force and State-Law Claims**

In reviewing the SAC the Court noted that "seventeen defendants could not simultaneously grab Mr. Poslof's two forearms," and "could not simultaneously lift Mr. Poslof," as he had alleged. Dkt. No. 38 at 7. The Court explained that these allegations were impossible, as "even if all seventeen officers stood perfectly shoulder-to-shoulder, the diameter of that circle would be far larger than a single person." *Id*. The Court expressly instructed Mr. Poslof to

> identify which officers were in physical contact with his person, and when, and which officers were nearby but not actually touching him, and when. If Mr. Poslof recalls physical contact, or can see it in the footage, but cannot identify the responsible officer, then he should state as much rather than implausibly claiming that all officers took that action at the same time.

*Id*. at 7–8.

On amendment, Mr. Poslof now argues that twenty-four officers laid hands upon his person at the same time. Specifically, he states that "Defendants J. Santana-Zambrano, De La Rosa, Escalante, Obodozie, and Does 1 to 20, roughly handled Mr. Poslof up from the chair"; that all twenty-four officers simultaneously tackled him; that all twenty-four officers carried him by the "arm, torso, and legs and feet, while they hog-tied" him; and that all twenty-four officers then slammed him to the floor. *See* TAC at 4, 5. As with the SAC, this allegation is impossible: As a matter of geometry, twenty-four people cannot simultaneously lift one person. Nor can twenty-four people simultaneously tackle one person, simultaneously carry one person, or simultaneously slam one person to the floor.

The Court twice has warned Mr. Poslof to "avoid exaggerating or editorializing, because this makes it difficult to discern whether the facts give rise to a claim." Dkt. No. 38 at 8; *see also* Dkt. 28 at 18. In its prior order, the Court warned Mr. Poslof that he was being given "**one final opportunity** to provide plausible facts implicating all named defendants." Dkt. No. 38 at 8 (emphasis in original). The Court specifically instructed Mr. Poslof to identify only those

United States District Court
Northern District of California

defendants responsible for the acts of excessive force, or to say that he could not identify who was touching him. *See id*. at 7–8.

Because it is impossible for twenty-four officers to simultaneously exert excessive force upon one person, the Court will assume that Mr. Poslof intended only to accuse named defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie of exerting such force. The Doe defendants are DISMISSED because Mr. Poslof has not plausibly identified any culpable actions taken by them.

Mr. Poslof's state-law claims for assault and battery, violation of California's Bane Act, and intentional infliction of emotional distress are cognizable when liberally construed. The Court orders defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie to answer these claims.

**IV. Conclusion**

1. Liberally construed, the Third Amended Complaint ("TAC") states an Eighth Amendment excessive force claim against defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie. The TAC also states cognizable state-law claims against Santana-Zambrano, De La Rosa, Escalante, and Obodozie for assault and battery, violation of California's Bane Act, and intentional infliction of emotional distress. All other claims and defendants are DISMISSED.

2. The Court orders service of the TAC on defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie and orders them to respond to Mr. Poslof's cognizable claims. Service on defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: The TAC and exhibits thereto (Dkt. No. 45), this order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Mr. Poslof.

3. No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court whether all defendants will be waiving service of process without the need for service by the

United States Marshal Service ("USMS"), or whether any defendant declined to waive service or could not be reached.

4. CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for each defendant who is waiving service.

5. If any defendant does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon the non-waiving defendant. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. No later than **ninety (90) days** from the filing date of this order, defendants shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the merits of the TAC. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that Mr. Poslof will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.

The Court previously assumed, for screening purposes only, that Mr. Poslof had exhausted his claims and that abstention was not required. *See* Dkt. No. 38 at 4. If defendants believe this case should be dismissed on either ground, they may seek permission to file an additional, limited dispositive motion focusing on the reason for dismissal.

7. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he or she shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

1. Mr. Poslof's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Mr. Poslof is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

2. Defendants **shall** file a reply brief no later than **fourteen (14) days** after Mr. Poslof's opposition is filed.

3. All communications by Mr. Poslof with the Court must be served on defendants or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Poslof is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

5. It is Mr. Poslof's responsibility to prosecute this case. Mr. Poslof must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk shall update the caption to reflect that only defendants Santana-Zambrano, De La Rosa, Escalante, and Obodozie remain in this action.

**IT IS SO ORDERED.**

Dated: September 9, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California